UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CAMPBELL,

      Plaintiff,

                                        Case No. 2:15-cv-13265

V.                                         Hon. Victoria A. Roberts

PRISON,

      Defendants.

_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Robert Campbell, a Michigan Prisoner currently residing at the Michigan Reformatory, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint names "Prison" as the party defendant. Plaintiff's complaint asserts that correctional officers put him in the "hole" after placing things in his cell and writing him "tickets" for it. He seeks damages and injunctive relief. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The defendant named in the complaint is, it seems, intended to be the Michigan Reformatory, which is located in Ionia County in the Western District of Michigan. The events described in the complaint are alleged to have occurred at the Michigan Reformatory. The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where the action might have been brought."

*See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. This Court therefore lacks venue for the § 1983 claim against defendant. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

S/Victoria A. Roberts
United States District Judge

Dated: September 23, 2015